VERNON S. BROWN, PETR.
*vs.*
STATE OF MAINE

Aroostook.   Opinion, January 23, 1958.

*Roberts & Roberts,* for plaintiff.

*Roger A. Putnam,* for State.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

PER CURIAM.

This case is before us on exceptions to the denial of a petition to proceed in *forma pauperis* in connection with an application for a writ of error *coram nobis.* The petitioner alleged that he is "a pauper and without funds, or other means, with which to pay the costs of this action for remedy, give security therefor, or obtain the assistance of legal counsel." In the *coram nobis* application it is alleged that the petitioner on a plea of *nolo contendere* was found guilty of attempt to murder and sentenced to imprisonment "of

not less than two and one-half years nor more than five years at hard labor in the State prison."

The presiding justice at the April Term 1956 of the Aroostook County Superior Court denied the petition "for want of authority." In so doing we assume the justice found as a fact that the petitioner was a pauper and in need of assistance as alleged, and based his ruling upon lack of authority to grant a request to proceed in *forma pauperis* in a matter of this nature.

The issue raised by the exceptions therefore is substantially whether a petitioner may proceed in *forma pauperis* in a *coram nobis* proceeding arising from a criminal action.

At our December Term 1957 we were advised in open court (1) that the sentence which the petitioner was serving at the time his request was denied at the April Term 1956 had terminated, and (2) that the petitioner was believed to be gainfully employed and no longer a pauper or in need of assistance.

That the petitioner is a pauper within the intent of *in forma pauperis* proceedings is plainly a preliminary and indispensable fact. Without such a finding there is no reason to consider in this or any other type of proceeding whether counsel or other assistance should be supplied by the State without expense to the petitioner.

In the light of the sharp change in the circumstances of the petitioner, we think it proper and just that the cause be remanded to the Superior Court for determination, after hearing, by the justice who entered the judgment before us, whether the petitioner is now a pauper within the intent of *in forma pauperis* proceedings. The finding of the justice when certified by the clerk of the Superior Court to the clerk of the Law Court will be incorporated by the latter in the record before us.

In taking this action there are two questions on which we neither express nor intimate any opinion whatsoever. First, we have not considered whether "in forma pauperis" procedure is available in *coram nobis*. This is the limited issue raised by the exceptions. Second, we have not considered whether *coram nobis* is a procedure available to the petitioner in light of the completion of his sentence.

*Remanded for action in accordance with opinion.*